```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF TENNESSEE
                        AT NASHVILLE
```

LAWRENCE RAY,                      )
                                   )
         Plaintiff                 )
                                   )         No. 3:17-0963
v.                                 )         Chief Judge Crenshaw/Brown
                                   )         **Jury Demand**
DAVIDSON COUNTY SHERIFF'S OFFICE,  )
*et al*,                           )
                                   )
         Defendants                )

To:  The Honorable Waverly D. Crenshaw, Jr.,
     Chief United States District Judge

## REPORT AND RECOMMENDATION

For the reasons stated below, the Magistrate Judge **RECOMMENDS** that the Motion to Dismiss by James Beachboard and the Metropolitan Government (Docket Entry 40), and the Motion for Summary Judgment by ABL Food Service and Benji Ayang (Docket Entry 42) be **GRANTED** and this case be **DISMISSED** with prejudice. The Magistrate Judge further **RECOMMENDS** that any appeal from such a dismissal not be certified as taken in good faith.

## BACKGROUND

The Plaintiff filed his original complaint in this matter on June 20, 2017 (Docket Entry 1). The original complaint listed the Davidson County Sheriff's Office and ABL Food Service as defendants. In the complaint, the Plaintiff noted that he had a number of cases filed in the Southern District of Mississippi. A review of the docket for the Southern District of Mississippi reflected that the Plaintiff had several cases dismissed for

failure to prosecute: 3:08-cv-0597, 3:12-cv-0429, 3:10-cv-0321; one dismissed as frivolous and constituted to strike: 3:16-cv-0172;two others dismissed voluntarily by the Plaintiff after being given a show cause by the Court or failing to show for hearings(3-07-326, and 3-10-61, and one dismissed on summary judgment 3-10-28. In the case now before this Court, after initial review (Docket Entry 4) the Plaintiff was advised of the need to amend his complaint. Subsequently, the Plaintiff filed an amended complaint (Docket Entry 5). After being told by the Court that he needed to file a single complaint which was complete in and of itself (Docket Entry 7), the Plaintiff filed a second amended complaint (Docket Entry 8 and 9) against different individuals. The Plaintiff was given additional time to return a single complaint (Docket Entry 10) and the Plaintiff subsequently filed a third amended complaint (Docket Entry 11) which still did not constitute a single complaint. The Plaintiff was once again given an additional opportunity to file a single complaint which was complete and without any reference to any of the preview piecemeal complaints he had filed. This resulted in an amended complaint which constituted the Plaintiff's final complaint in this matter (Docket Entry 15). In this complaint, the Plaintiff alleged that the Davidson County Sheriff's Office had a custom and policy of taking the Plaintiff's earned good-time in order to force him to work a 12 hour shift in the kitchen in violation of his medical orders. It alleged that Lieutenant

Beachboard also made threats to take the Plaintiff's earned good-time and forced him to work a 12 hour shift in violation of his medical restrictions. The complaint further alleged that ABL Food Service, as a result of its official policies, caused injuries to the Plaintiff's feet and ankles by working him 12 hours on his feet in violation of his doctor's medical orders that he should only work 2 hours. The complaint further alleged that Defendant Benji Ayang, acting under the directions of ABL's corporate policy, used the threat of a written disciplinary report for refusing to work and thus resulting in the loss of his earned good-time, to force the Plaintiff to work a 12 hour shift against medical orders that he should only work 2 hours.

On April 17, 2018, the Davidson County Sheriff's Office and Officer Beachboard filed a motion to compel the Plaintiff to respond to their first set of interrogatories and requests for production of documents (Docket Entry 32). The Defendants alleged that they served discovery requests on the Plaintiff on January 3, 2018, but as of the date of filing their motion the Plaintiff had not responded in any way.

The undesigned then entered a scheduling order in this matter (Docket Entry 35) where it was noted that the Plaintiff had not responded to the Defendants' motion to compel and the Plaintiff was directed to respond to the discovery requests within 14 days. The Plaintiff was specifically cautioned that failure to respond

3

Case 3:17-cv-00963   Document 46   Filed 11/14/18   Page 3 of 9 PageID #: 213

within 14 days could result in a motion to dismiss his case for failure to obey Court orders and to prosecute. The scheduling order further provided that each side was required to keep a current address on file with the Clerk's Office and that the Plaintiff's failure to do so could result in a recommendation that his complaint be dismissed for failure to prosecute and for failure to comply with Court orders. All discovery in the case was directed to be completed by September 4, 2018, and the dispositive motions were to be filed by October 4, 2018. The Plaintiff was again warned that dispositive motions must be responded to by November 5, 2018, unless an extension was granted by the Court and that failure to respond to the motion and the statement of facts could result in the Court taking the statement of facts alleged in the matter as true and granting the relief requested. The Plaintiff was advised that he could not just rely on his complaint but must show a material dispute of facts with citation to the record, affidavits, or other matters of evidence.

    On September 4, 2018, the Defendants Davidson County and Officer Beachboard filed a motion to dismiss supported by a memorandum of law (Docket Entries 40 and 41) noting that the Plaintiff had failed to respond to the January discovery requests or to the Court's order directing him to respond within 14 days of May 2, 2018 (Docket Entry 35).

4

The remaining Defendants ABL Food Service and Benji Ayuang filed a motion for summary judgment on October 4, 2018, supported by a memorandum of law, a statement of undisputed material facts, and an affidavit containing both ABL's contract with Metro and the Order to the Jailer limiting the Plaintiff to standing no more than 2 consecutive hours in a given time period (Docket Entries 42-45).

The affidavit states that the Plaintiff was assigned to making sandwiched which was a sedentary job, and was never required to work in violation of his order. The statement of facts contained the same general allegations that the Defendant reviewed the Plaintiff's work conditions and complied with them (Statements 9-12). The statements further asserted that no employee, including Mr. Ayang, had the authority to take any kind of disciplinary actions with regard to inmates assigned to the kitchen including causing an inmate to lose good-time credit (Statement 13). Further, if any disciplinary issues arose, a written report would be forwarded to the jail personnel. There was no record that any ABL employee submitted a written report regarding the Plaintiff or threatened to do so (Statements 15-16).

Since the Plaintiff has failed to respond to the statements, they are taken as admitted for the purpose of summary judgment (Local Rules 56.01(f)). The Magistrate Judge has applied the following standard in evaluating the motion to dismiss for

5

failing to obey court orders under Federal Rules of Civil Procedure 41(b):

> A dismissal with or without prejudice is a drastic remedy, and before the Court contemplates dismissing an action under Rule 41(b), the Court must specifically consider: "(1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dilatory conduct of the party; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) where the less drastic sanctions were imposed or considered before dismissal was granted. *Tetro v. Elliott Popham Pontiac*, 173 F.3d 988 (6th Cir. 1999).

The Magistrate Judge has applied the well know standard of review for motions for Summary Judgment set forth in *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986), and *Guarino v. Brookfield Tp. Trustee*, 980 F2d 3999 (6th Cir. 1992) and has examine the pleadings to see if there is a basis for the motion for Summary Judgement and if the non moving party has responded with evidence to show there are sufficient disputed facts to allow the case to go to a jury

## LEGAL DISCUSSION

Since filing his amended complaint on September 25, 2017 (Docket Entry 15), the only action the Plaintiff has taken has been to provide a change of address to Mississippi on November 2, 2017 (Docket Entry 20). The Plaintiff never responded to the Metro Defendants' discovery requests or to the Court's show cause order and has taken no discovery whatever in the case although the discovery deadline have long passed. Accordingly, the Magistrate Judge believes that the Sixth Circuit's requirements in *Tetro* have

6

been met. First, the Plaintiff has given no explanation as to why he has failed to pursue his case. The Magistrate Judge also takes judicial notice of the Plaintiff's failure to appear or pursue a number of cases he filed in Mississippi. At least one of those cases was dismissed as frivolous and two were dismissed voluntarily or by the court after that Court gave notice to the Plaintiff that the case was subject to such a dismissal. Second, the Metro Defendants cannot properly prepare a defense if they cannot take discovery from the Plaintiff. Third, as noted above, the Magistrate Judge warned the Plaintiff on at least two occasions that failure to cooperate could lead to dismissal. Fourth, the Magistrate Judge has considered less drastic sanctions. Given the Plaintiff's past history of dilatory tactics and his total failure to respond to orders or motions in this case, the Magistrate Judge believes a dismissal under Rule 41(b) should constitute an adjudication on the merits and the dismissal should be with prejudice.

Turning to the Defendants ABL Food Service and Benji Ayang's motion for summary judgment, the Plaintiff has failed to respond to the motion or to the statement of uncontested material facts. Despite Local Rule 7.01(a)(3) that failure to respond means the motion will be deemed to be unopposed, the Magistrate Judge has nevertheless reviewed the motion for summary judgment to ensure that it has a basis in fact and law. The ABL Defendants have properly cited the law in this area. They have put forth evidence in the form of affidavits and statements of uncontested material

7

facts stating that the Plaintiff was assigned the sedentary tasks of making sandwiches, and packing them for distribution. The Plaintiff has come forth with no evidence to dispute this other than the complaint itself. As the Defendants' noted in their brief (Docket Entry 43), once the moving party has carried its burden the Plaintiff must do more than simply show there is some metaphysical doubt as to the material facts. The Plaintiff must produce some evidence to support his position. *Fox v. Regie Nationale Des Usines Renault,* 103 F.R.D. 453, 455 (W.D. Tenn. 1984).

The Plaintiff has come forth with no proof that the ABL Defendants have a policy of threatening inmates with loss of good-time credit or of requiring inmates to work beyond medical restrictions. Absent some evidence of such a policy, private parties cannot be held liable under 42 U.S.C. 1983. *TAHFS v. Proctor*, 316 Fed.3d 584, 590 (6th Cir. 2003).

Based on the record and lack of response to the ABL Defendants' motion for summary judgment, the Plaintiff has simply failed to come forward with any proof to refute the evidence that the Plaintiff was not required to work beyond his medical restrictions or that he was threatened.[1]

---

[1] Although no defendant raises the issue, it does not appear that the Plaintiff exhausted his administrative remedies since he does not even mention exhaustion in his final amended complaint. However, since this is an affirmative defense which neither defendant raised in their motions, the Magistrate Judge will not consider dismissal on that ground.

8

**RECOMMENDATION**

For the reasons stated above, the Magistrate Judge **RECOMMENDS** that both the motion to dismiss (Docket Entry 40) and the motion for summary judgment (Docket Entry 42) be **GRANTED** and that this case be **DISMISSED** with prejudice. Further, the Magistrate Judge **RECOMMENDS** that if this Report and Recommendation is adopted and this matter is dismissed, any appeal not be certified as taken in good faith.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **fourteen (14) days** from receipt of this Report and Recommendation within which to file with the District Court any written objections to the proposed findings and recommendations made herein. Any party opposing shall have **fourteen (14) days** from receipt of any objections filed regarding this Report within which to file a response to said objections. Failure to file specific objections within **fourteen (14) days** of receipt of this Report and Recommendation may constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 1111 (1986).

Entered this 14th day of November, 2018.

                                            /s/   Joe B. Brown
                                        JOE B. BROWN
                                        United States Magistrate Judge